## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| _____ | ) | |
| CHRISTOPHER ROBERT DESMOND, | ) | |
| ARTHUR GOVAN, MONDA | ) | |
| SAMUEL SAMPSON, Personal | ) | |
| Representative of the Estate of Harry | ) | |
| Samuel, and ORLANDO SAMUEL, | ) | |
| Personal Representative of the Estate of | ) | |
| Harry Samuel, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-1134-JLH |
| | ) | |
| CENTENE CORPORATION, | ) | |
| CENTURION OF DELAWARE LLC, | ) | |
| VITALCORE HEALTH STRATEGIES, | ) | |
| ACTING COMMISSIONER TERRA | ) | |
| TAYLOR, FORMER COMMISSIONER | ) | |
| CLAIRE M. DEMATTEIS, FORMER | ) | |
| COMMISSIONER MONROE B. | ) | |
| HUDSON, JR., BUREAU CHIEF | ) | |
| MICHAEL RECORDS, and MEDICAL | ) | |
| DIRECTOR DR. AWELE MADUKA- | ) | |
| EZEH, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>MEMORANDUM ORDER</u>

Plaintiffs filed their Complaint on October 11, 2023.  (D.I. 1.)  Defendants filed a total of

four motions to dismiss and a motion to strike.  (D.I. 21, 23, 25, 27, 53.)  The case was then

reassigned to me in January 2024.  On March 30, 2024, I referred the pending motions to a

Magistrate Judge.  (D.I. 65.)  On July 26, 2024, the Magistrate Judge issued a detailed, 32-page

Report and Recommendation.  (D.I. 78 ("R&R").)  The Magistrate Judge recommended that

VitalCore's Motion to Dismiss (D.I. 21) be GRANTED-IN-PART, Centurion's Motion to Strike

(D.I. 23) be DENIED and its Motion to Dismiss (D.I. 25) be GRANTED-IN-PART, Centene's

Motion to Dismiss (D.I. 27) be DENIED, and the DOC Defendants' Motion to Dismiss (D.I. 53)

be GRANTED-IN-PART.   (D.I. 78.)   The parties filed objections (D.I. 79, 80, 81, 82) and

responses (D.I. 83, 84, 85, 86).  The Court reviews a magistrate judge's report and recommendation

on a dispositive motion *de novo*.  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

VitalCore objects to the R&R's recommendation that its Motion to Dismiss be denied as

to Plaintiffs' § 1983 claim.  (D.I. 79.)  The Court can overrule VitalCore's objections because they

are noncompliant with the Court's standing order for objections.[1]  I could overrule the objections

on those grounds alone, but I can also overrule them on the merits.  Having reviewed the R&R *de

novo*, I agree with its conclusion that Plaintiffs plausibly state a claim of deliberate indifference as

to VitalCore.  It is true that allegations of medical malpractice do not state a constitutional

violation, but the Complaint plausibly alleges more than malpractice.  And a plausible complaint

may proceed even if it strikes the Court that actual proof of the facts alleged is improbable or

unlikely.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Centene objects to the R&R's recommendation that its Motion to Dismiss be denied as to

Plaintiffs' § 1983 claim.  (D.I. 80.)  Centene accurately points out that there is no vicarious liability

for § 1983 violations, but having reviewed the R&R *de novo*, I agree with its conclusion that the

---

[1] Standing Order for Objections Filed under Fed. R. Civ. P. 72 (D. Del. Mar. 7, 2022) (available on the Court's website) ("Any party filing objections with a District Judge to a Magistrate Judge's order, ruling or recommended disposition **must** include, along with the objections, a written statement either certifying that the objections do not raise new legal/factual arguments, or identifies the new arguments and describes the good cause for failing to previously raise the new legal/factual arguments before the Magistrate Judge." (emphasis in original)); *see also Barry v. Stryker Corp.*, No. 20-1787, 2023 WL 3224498, at *1 (D. Del. May 3, 2023) ("This is not some arcane requirement.  It is a practical one, designed to make referrals to magistrate judges as efficient as the referral system can be.").

Complaint plausibly alleges that Centurion's actions were really Centene's actions.  Again, the question here is not whether Plaintiffs will succeed, but whether they may proceed to discovery.

Centurion objects to the R&R's recommendation that its Motion to Strike be denied.  (D.I. 81.)   Centurion primarily repeats its arguments that the proposed class is dominated by individualized factual questions and that Plaintiffs seek individualized damages for individualized harms that are not susceptible to class-wide resolution.  Although the Court is skeptical that the facts will show that class resolution is appropriate in this case, having reviewed the R&R *de novo*, I agree with its conclusion that this is not the "rare case" where the Complaint, on its face, definitively establishes that Plaintiffs cannot meet the requirements of Rule 23.  (*See* R&R at 26 (citing authorities).)

Plaintiffs object to the R&R's recommendation that the DOC Defendants' Motion to Dismiss be granted as to the Commissioner Defendants.  (D.I. 82.)   The Court can overrule Plaintiffs' objections because they are noncompliant with the Court's rules[2] and standing order.[3] I could overrule the objections on those grounds alone, but I can also overrule them on the merits. Having reviewed the R&R *de novo*, I agree with its conclusion that the Complaint fails to plausibly state a § 1983 claim against the DOC defendants in their individual capacities.[4]   Plaintiffs are correct that contracting out medical care does not relieve a defendant of her own constitutional duties.  But to hold a state actor liable in her individual capacity in this context, the complaint

---

[2] D. Del. L.R. 72.1(b) ("Objections to an order, decision or recommendation disposition made by a Magistrate Judge pursuant to Fed. R. Civ. P. 72 shall identify the appropriate standard of review.").

[3] *Supra*, note 1.

[4] (*See* R&R at 7 ("At oral argument, counsel for Plaintiffs confirmed that the complaint does not assert causes of action against the DOC Defendants in their official capacities.").)

needs to allege enough facts to plausibly suggest that the defendant not only had knowledge of the violations but also personal involvement in the sense that she had the ability to do something about them, but deliberately didn't.  *See, e.g., Adger v. Coupe*, No. 21-1841, 2022 WL 777196, at *3 (3d Cir. Mar. 14, 2022).  Plaintiffs may well be able to amend the Complaint to plead such facts, but the current allegations are insufficient to state a claim.

As for the R&R's recommendation that Centurion's Motion to Dismiss be GRANTED-IN-PART, no party filed objections pursuant to Federal Rule of Civil procedure 72(b)(2) in the prescribed period.  The Court has reviewed the recommendation as to Centurion's motion and does not find clear error on the face of the record.

Accordingly, IT IS HEREBY ORDERED that:

1. VitalCore's Objections (D.I. 79) are OVERRULED.

2. Centene's Objections (D.I. 80) are OVERRULED.

3. Centurion's Objections (D.I. 81) are OVERRULED.

4. Plaintiffs' Objections (D.I. 82) are OVERRULED.

5. The Report and Recommendation (D.I. 78) is ADOPTED.

6. Centurion's Motion to Strike (D.I. 23) is DENIED.

7. VitalCore's Motion to Dismiss (D.I. 21) is GRANTED-IN-PART and DENIED-IN-PART; Centurion's Motion to Dismiss (D.I. 25) is GRANTED-IN-PART and DENIED-IN-PART; Centene's Motion to Dismiss (D.I. 27) is GRANTED-IN-PART and DENIED-IN-PART; DOC Defendants' Motion to Dismiss (D.I. 53) is GRANTED-IN-PART and DENIED-IN-PART, as follows:

    a. Count II is dismissed with leave to amend within 14 days.

    b.  Count I is dismissed as to Records and the Commissioner Defendants with

leave to amend within 14 days.

Dated: September 27, 2024

                          _____

                          The Honorable Jennifer L. Hall
                          UNITED STATES DISTRICT JUDGE