**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

MONA SAMUEL SAMPSON and
ORLANDO SAMUEL, Personal
Representatives of the ESTATE OF HARRY
SAMUEL, et al., individually and on behalf
of others similarly situated,

              Plaintiff,

v.

CENTENE CORPORATION, et al.,

              Defendants.

Case No.: 1:23-cv-01134-GBW-SRF

## DEFENDANT DR. AWELE MADUKA-EZEH'S MOTION TO STAY DISCOVERY

Defendant, Dr. Awele Maduka-Ezeh ("Dr. Maduka-Ezeh"), by and through her undersigned counsel, hereby moves to stay discovery (the "Motion") pending the resolution of Dr. Maduka-Ezeh's Motion to Dismiss the Second Amended Complaint (the "Motion to Dismiss") (D.I. 211), and in support thereof avers as follows:

## BACKGROUND

1. On October 11, 2023, Plaintiffs, current and former inmates of the Delaware Department of Correction ("DOC"), filed a class action Complaint (the "Complaint," cited herein as "Compl.") (D.I. 1) against current and former DOC officials ("DOC" Defendants"), DOC's former medical providers Centene Corporation and Centurion of Delaware LLC (together "Centene/Centurion"), and DOC's current medical provider VitalCore Health Strategies Inc. ("VitalCore"), alleging that defendants were deliberately indifferent to Plaintiffs' medical needs. *See* D.I. 1.

1

2.      The DOC Defendants moved to dismiss the Complaint.  D.I. 53.  The Court granted DOC Defendants' motion to dismiss in part, dismissing all DOC Defendants except for Dr. Maduka-Ezeh.  D.I. 89.

3.      Thereafter, on October 11, 2024, Plaintiffs filed an Amended Complaint (the "First Amended Complaint") in which they requested both monetary damages and injunctive relief against Dr. Maduka-Ezeh.  D.I. 90.  Dr. Maduka-Ezeh answered the First Amended Complaint on December 11, 2024.  D.I. 113.

4.      On November 13, 2024, this Court entered an order bifurcating discovery into two-separate phases: class-certification discovery and merits discovery.  D.I. 101.  Since answering the First Amended Complaint, the parties have engaged in voluminous class-certification discovery, including issuing discovery requests, a non-party subpoena to DOC for production of documents and a site inspection, and Plaintiffs' notice of multiple depositions. *See, e.g.,* D.I. 136, 151.

5.      The parties have since engaged in disputes regarding the scope of discovery at the class-certification stage.  *See* D.I. 182, 198, 201, 202.  Several discovery disputes remain unresolved.

6.      On March 23, 2025, Plaintiffs filed a Seconded Amended Class Action Complaint ("SAC") against Centene/Centurion, VitalCore, and Dr. Maduka-Ezeh.  D.I. 207.  In the SAC, Plaintiffs bring two claims on behalf of themselves and a proposed class: (1) that all defendants were deliberately indifferent to Plaintiffs' serious medical needs in violation of the Eighth and Fourteenth Amendments, and (2) that Centene/Centurion and VitalCore engaged in negligent

2

hiring, supervision, and retention.[1]  D.I. 207 ¶¶ 214-28.  In the SAC, Plaintiffs abandoned any request for monetary damages against Dr. Maduka-Ezeh and are now *only* requesting injunctive relief.  D.I. 207, pp. 43-44.  Specifically, Plaintiffs request an order enjoining Dr. Maduka-Ezeh from continuing to subject Plaintiffs to "delays and denials of treatment" and from using for-profit companies to provide correctional healthcare services, and seeking sentence reductions. *Id.* at p. 43, ¶¶ F-G.

7.       Dr. Maduka-Ezeh filed a Motion to Dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on April 6, 2026, seeking to dismiss the claim against Dr. Maduka-Ezeh in its entirety.  D.I. 211.  Briefing on this Motion is ongoing, with Plaintiffs' response due on April 20, 2026, and Dr. Maduka Ezeh's reply due on April 27, 2026.

8.       Dr. Maduka-Ezeh now moves for a stay of discovery pending the Court's resolution on the Motion to Dismiss, as Plaintiffs seek ongoing, overly broad pre-class discovery, which may prove futile.

## ARGUMENT

9.       A stay is appropriate here.  Federal Rules of Civil Procedure Rule 26(c) allows for a stay of discovery upon a showing of good cause.  *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001).  While this is not automatic, deciding to stay litigation is left to the sole discretion of the Court.  *See Bataan Licensing LLC v. DentalEZ, Inc.*, 2023 WL 143991, at *1 (D. Del. Jan. 10, 2023) (citations omitted).  In determining whether a stay is appropriate, courts generally consider three factors: "(1) whether granting the stay will simplify

---

[1] As explained in her Motion to Dismiss, Dr. Maduka-Ezeh assumes that, pursuant to the previously filed voluntary stipulation of dismissal, *see* D.I. 93, Plaintiffs no longer bring Count II against Dr. Maduka Ezeh.  The title of Count II of the SAC reflects this change, though the language of Count II still contains allegations against Dr. Maduka-Ezeh.  Dr. Maduka-Ezeh has reserved the right to dismiss Count II should this interpretation be inaccurate.  *See* D.I. 212, n. 2.

the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage." *Id.* (citations omitted). Courts also consider "the harm and expense to which continued discovery would subject the movant or third parties." *Perelman v. Perelman*, 2011 WL 3330376, at *2 (E.D. Pa. Aug. 3, 2011). "However, consideration of these factors 'is not a rigid template for decision[,]' and the court retains discretion to consider the totality of circumstances 'beyond those captured by the three-factor stay test.'" *BloomsyBox.com, LLC v. UserWay, Inc.*, 2025 WL 1517821, at *1 (D. Del. May 28, 2025) (quoting *British Telecommc'ns PLC v. IAC/InterActiveCorp,* C.A. No. 18-366-WCB, 2020 WL 5517283, at *5 (D. Del. Sept. 11, 2020)). Here, the factors weigh in favor of a stay.

## A.   GRANTING DR. MADUKA-EZEH'S MOTION TO DISMISS WOULD ENTIRELY RESOLVE THE ACTION AGAINST HER.

10.    Here, the first factor weighs in favor of a stay because Dr. Maduka-Ezeh's Motion to Dismiss may dispose of the claim against her entirely. The Motion to Dismiss seeks dismissal of all of Plaintiffs' claims on four separate grounds: (1) Plaintiffs' claim against Dr. Maduka-Ezeh is moot because she is no longer employed as the Medical Director of DOC; (2) Plaintiffs lack standing to seek injunctive relief against Dr. Maduka-Ezeh because the alleged injuries are not redressable; (3) Plaintiffs' SAC fails to state a claim upon which relief can be granted because Dr. Maduka-Ezeh is no longer employed by DOC; and (4) Plaintiffs' request for sentence reductions is not an available remedy under § 1983 and, thus, the Court cannot effectuate such request. *See generally* Def.'s Op. Br. in Supp. of Mot. to Dismiss (D.I. 212).

11.    In determining whether to grant a stay, the Court will consider whether a party has filed a motion to dismiss. *See Bataan Licensing LLC*, 2023 WL 143991, at *1. It is well

established that, in instances where a motion to dismiss could be granted, the "case would not [only] be greatly simplified, but would be disposed of in its entirety." *See id.*; *Cipla USA, Inc. v. Ipsen Biopharmaceuticals, Inc.*, 2022 WL 3139096, at *2 (D. Del. Aug. 5, 2022). As discussed in Dr. Maduka-Ezeh's Motion to Dismiss, all of Plaintiffs' claims should be dismissed. *See* Def.'s Op. Br. in Supp. of their Mot. to Dismiss (D.I. 212).

12.    Indeed, Dr. Maduka-Ezeh's Motion to Dismiss, whether granted in whole or in part, weighs in favor of a stay. Even if the Court were to only grant the Motion to Dismiss in part, this may still simplify the issues and reduce the discovery burden. *Contra Inari Med., Inc. v. Inquis Med., Inc.*, 2025 WL 637958, at *1 (D. Del. Feb. 27, 2025) (noting partial dismissal where a large number of claims still remain as a possibility and stating that, "[b]ecause of the various . . . and distinct claims asserted in the [c]omplaint, and the possibility for multiple different outcomes, the Court finds that there is only slight potential for issue simplification," but ultimately concluding that the first factor came out neutral). And even if the Motion to Dismiss is denied, there is no harm to Plaintiffs by imposing a stay in the pre-class certification phase of the case. *See infra,* Sec. B.

13.    In this case, "the prospect of simplification if a stay is granted is real" and the benefit of efficiency would be maximized by a stay. *Bataan Licensing LLC*, 2023 WL 143991, at *1. The Motion to Dismiss, if granted in full or part, would effectively terminate this litigation against Dr. Maduka-Ezeh or significantly reduce the number of issues to be litigated at trial. The first factor therefore weighs in favor of a stay.

**B.    THE COURT SHOULD GRANT A STAY BECAUSE THE NARROWING OR ELIMINATION OF DISCOVERY OUTWEIGHS THE LIKELY HARM OF THE DELAY.**

14.    The second factor, the status of litigation, also weighs strongly in favor of a stay because discovery in this matter is onerous, ongoing, and costly.  "A stay is proper where the likelihood that [the motion to dismiss] may result in a narrowing of an outright elimination of discovery outweighs the likely harm to be produced by the delay."  *Pfizer Inc. v. Johnson & Johnson*, 2018 WL 1071932, at *1 (E.D. Pa. Feb. 27, 2018) (quoting *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000)).  Specifically, because this case involves a purported class action, a stay is favored given the scope of discovery, "which will be"—and already has been—"a large and costly undertaking." *Id.* at *2.

15.    Although the Court has set a trial date and discovery deadlines in this case, this factor nonetheless favors a stay.  The parties are currently engaging in bifurcated, pre-class certification discovery wherein Plaintiffs have cast a wide net in their search for sufficient information to certify the class and subclasses.   Dr. Maduka-Ezeh is currently reviewing approximately 300,000 documents for production.[2]  This requires hours upon hours of work by multiple attorneys to review the documents for responsiveness, production, and privilege.  Additionally, Plaintiffs have sought a four-day site inspection of a DOC facility and forty-one requests for related documents.   The parties have already disputed the scope of this pre-certification discovery, and the disputes remain unresolved.  *See, e.g.,* D.I. 182, 198, 201, 202.

16.    Even if the Court finds that discovery should continue, the scope should be limited.   *See Udeen v. Subaru of America, Inc.*, 378 F. Supp. 3d 330, 333-34 (D.N.J. Mar. 12, 2019) (limiting discovery pending a disposition on a motion to dismiss, noting "[o]n the one

---

[2] Notably, these 300,000 documents have been collected from just three of the ten custodians Plaintiffs requested.

6

hand plaintiffs can immediately proceed to obtain plainly relevant and important core discovery. On the other hand, the 'floodgates' of discovery will not open until defendants' motion is decided and the issues to be litigated are joined."). Here, as discussed in Dr. Maduka-Ezeh's and DOC's letter-response (D.I. 201), the discovery Plaintiffs seek stretches far beyond the scope permissible or reasonable at the pre-class certification stage. Thus, this factor weighs in favor of granting a stay of discovery or, at the very least, limiting the scope of discovery pending resolution on the pending dispositive Motion to Dismiss.

## C.     A STAY WOULD NEITHER UNDULY PREJUDICE NOR TACTICALLY DISADVANTAGE PLAINTIFFS.

17.     The third and final factor weighs in favor of a stay for two reasons. First, the stay will not lead to any significant prejudice to Plaintiffs because the stay would cause no particularized harm to Plaintiffs. *See Pfizer*, 2018 WL 1071932, at *2 (granting a stay where the stay would not threaten the ability to collect any time-sensitive information and there was no particularized harm to plaintiff). Here, the discovery sought by Plaintiffs is not time sensitive, nor is there any particularized harm to a delay.

18.     Indeed, "the [c]ourt recognizes that a stay may delay resolution of the litigation, but this alone does not warrant a finding that [p]laintiffs will be unduly prejudiced." *Enhanced Sec. Rsch., LLC v. Cisco Sys., Inc.*, 2010 WL 2573925, at *3 (D. Del. June 25, 2010). If the parties continue to engage in needless discovery before the Court renders a decision on the Motion to Dismiss, all of the parties would be harmed by the expenditure of unnecessary resources. Thus, a stay is appropriate here.

19.     Second, Plaintiffs cannot claim a tactical disadvantage because any such disadvantage results from their own behavior. Plaintiffs waited approximately ***two-and-a-half years*** after the filing of their initial Complaint, and over ***one year*** after Dr. Maduka-Ezeh's filing

7

of an Answer to their First Amended Complaint to file the SAC.  In that time period, Plaintiffs have propounded countless discovery requests on the parties and non-party DOC, some of which have been heavily disputed and litigated with the Court, including the highly contested scope of pre-class certification discovery and subpoenas issued by Plaintiff (D.I. 136, 151), Plaintiffs' notice of multiple depositions (D.I. 118, 119, 120, 125, 126, 127, 138, 140, 146, 163, 164, 171, 178, 189), some of which Plaintiffs then postponed but will presumably wish to pursue in discovery, and the now-pending Motion to Dismiss which may resolve all claims against Dr. Maduka-Ezeh (D.I. 211).

20.     As discussed *inter alia*, Plaintiffs did not file the SAC until approximately two-and-a-half years after filing the initial Complaint.  Plaintiffs cannot be prejudiced by further passage of time when their SAC was filed after such a lengthy passage of time.  *Sunshine Shopping Center, Inc. v. Travelers Excess and Surplus Lines Co.*, 2025 WL 12353770, at *7 (D.V.I. April 29, 2025) (holding that a nine-month delay to retain counsel to respond to a coverage denial gives "the appearance of a lack of diligence such that a stay would not unduly prejudice [plaintiff]").  Plaintiffs' claims include discovery that is largely document-based and are seeking declaratory and injunctive relief against Dr. Maduka-Ezeh; thus, the possibility of fading memories of witnesses is minimized.  *See Ainger v. Great American Assurance Company,* 2022 WL 3139079, at *8 (D.V.I. Aug. 4, 2022) (holding that while memories fade and evidence can be lost, when claims are document-based, thus minimizing the danger reliance on memories and other evidence).  For these reasons, the third factor weights in favor of a stay.

**D.     CONTINUED DISCOVERY WILL RESULT IN GREAT HARM TO DR. MADUKA-EZEH AND NON-PARTY DOC.**

21.     Finally, as was already brought before this Court, Plaintiffs' pre-class discovery requests greatly overstep the bounds of class-certification discovery, including blanket requests

for unsupervised interviews of and communications with DOC employee and inmates, detailed inmate medical information, and broad requests for documents from ten custodians (three of which have already created a universe of over 300,000 documents for review and production). D.I. 201.

22.    To require the parties to continue to bear the expensive burden of engaging in the sweeping voluminous discovery requested by Plaintiffs pending the outcome of the dispositive motion is unduly burdensome. *See Strain v. Nutri/System, Inc.*, 1990 WL 121189, at *1 (E.D. Pa. Aug. 15, 1990) (holding that "there must be substantial material that could be postponed in the discovery course that would fall within [the] unnecessarily burdensome or expensive category" pending the outcome of a class-action motion to dismiss); *but see BloomsyBox.com*, 2025 WL 1517821, at *2 (D. Del. May 28, 2025) (holding a complete stay was unnecessary where plaintiffs proposed limited discovery which, in effect, permitted a stay of most discovery, and agreed to defer responses to some discovery requests until after the court ruled on the pending motion to dismiss). And this case is only in the class-certification discovery phase. Fact discovery will also require more Plaintiff- and class-specific document production, depositions, and other discovery. Arguably, fact discovery is even more extensive and costly than class-certification discovery; in short, the worst is yet to come with respect to discovery expenses in this matter.

23.    Postponing discovery pending a decision on the Motion to Dismiss will prevent this ongoing financial harm to all parties and will allow the parties and this Court to clarify and refine the scope of discovery in order to promote efficiency and judicial economy in the litigation and prevent future discovery disputes before this Court, thereby reducing the harm

9

caused to all parties, including Dr. Maduka-Ezeh and DOC.[3]  Thus, the fourth factor weighs in favor of a stay.

## CONCLUSION

For the foregoing reasons, Dr. Maduka-Ezeh respectfully requests that this Court grant her Motion to Stay and stay all discovery pending the resolution of Dr. Maduka-Ezeh's Motion to Dismiss.  If this Court denies this Motion to Stay, then Dr. Maduka-Ezeh respectfully requests that the substantial completion deadline[4] be ordered thirty (30) days from when the Court issues its decision.  The undersigned is available for a teleconference at the Court's convenience to discuss any issues set forth herein.

---

[3] *See Glunk v. Noone*, 689 F. App'x 137, 140 (3d Cir. 2017) (deciding to stay discovery pending resolution on a motion to dismiss "was a straightforward exercise of docket management").

[4] On March 23, 2026, this Court entered an order denying Plaintiffs' motion to compel and allowing the parties to refile a stipulation to the amended scheduling order.  D.I. 205.  The parties' amended stipulation is forthcoming; however, the filing of the SAC and subsequent motion to dismiss further justifies the need for an extension of deadlines, should this Court deny the Motion to Stay.

Respectfully Submitted,

**HUSCH BLACKWELL LLP**

Dated: April 7, 2026

*/s/ Marisa R. De Feo*

Marisa R. De Feo, Esq. (No. 6778)
Colleen E. Durkin, Esq. (No. 5886)
3411 Silverside Road, Suite 104B #203
Wilmington, DE 19810
(302) 506-8036
marisa.defeo@huschblackwell.com
colleen.durkin@huschblackwell.com

Scott J. Helfand, Esq. (*Admitted pro hac vice*)
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 341-9876
scott.helfand@huschblackwell.com

*Counsel for Defendant Dr. Awele Maduka-Ezeh and Non-Party Delaware Department of Correction*

11