IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONA SAMUEL SAMPSON and )
ORLANDO SAMUEL, Personal )
Representatives of the ESTATE OF )
HARRY SAMUEL, *et al.*, individually and )
on behalf of others similarly situated, )
                                        )
             Plaintiffs, )
                                        )
       v. )
                                          )
CENTENE CORPORATION, *et al.*, )
                                        )
             Defendants. )

Civil Action No. 23-1134-SRF

**MEMORANDUM ORDER**

At Wilmington this 22nd th day of **May, 2026**, the court having considered the parties' discovery dispute letter briefing and associated filings, (D.I. 259; D.I. 261; D.I. 262; D.I. 264), as well as the arguments presented at the hearing on May 20, 2026, IT IS ORDERED that Plaintiffs' motion for a conference to resolve discovery disputes (D.I. 229) is addressed as follows:

1. **Plaintiffs' motion for a four-day inspection of the James T. Vaughn Correctional Center ("JTVCC") is GRANTED-IN-PART.** Plaintiffs move for an order compelling the terms of their Notice of Entry Upon Land for Inspection and Requests for Production of Documents Concerning Inspection under Federal Rule of Civil Procedure 34. (D.I. 259 at 1, 4) Under Rule 34(a)(2), a party may seek discovery "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). "The touchstone for analysis of a

Rule 34 inspection is reasonableness. The inspection demand must describe the place to be examined with reasonable particularity, and must specify a reasonable time, place and manner for the examination." *U.S. v. Territory of the Virgin Islands*, 280 F.R.D. 232, 235 (D.V.I. 2012) (quoting *McConnell v. Canadian Pacific Realty*, 280 F.R.D. 188, 191 (M.D. Pa. 2011)).

2.  Courts recognize that inspections of prison facilities present unique challenges. In *Amos v. Taylor*, the court explained that,

> [i]n the context of prison inspections, "the search for the truth must be balanced against the burdens and dangers created by the inspection." *United States v. Territory of the V.I.*, 280 F.R.D. 232, 236–37 (D.V.I. 2012). In this sense, a plaintiff must demonstrate a "heightened showing of relevance ... to enter secure premises or to inspect areas or equipment within Defendants' control that are used for security purposes...." *Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*, 2013 WL 3555668, at *2 (N.D. Cal. July 12, 2013) (quotation marks omitted).

2020 WL 618824, at *3 (N.D. Miss. Feb. 10, 2020). Thus, the court must balance Plaintiffs' discovery requests against the safety concerns of a physical inspection of prison facilities.

3.  Here, Plaintiffs seek a four-day inspection of JTVCC so that their experts may tour the premises, interview inmates, and review inmate medical records. During the hearing on May 20, 2026, Plaintiffs' counsel acknowledged that the most time-consuming portions of the proposed inspection would be the review of medical records and inmate interviews. (5/20/2026 Tr.) For the reasons set forth below, the permitted inspection of JTVCC shall not include the review of medical records or inmate interviews. Therefore, IT IS ORDERED that Plaintiffs' experts shall be permitted to conduct a one-day inspection of JTVCC on June 15, 2026 to tour the area(s) where healthcare services are provided and healthcare records are kept.

4.  **Plaintiffs' motion to compel the production of documents ten (10) days prior to inspection is GRANTED-IN-PART.** Plaintiffs move to compel the production of 18 categories

2

of records for review by their experts at least ten days prior to the site inspection. (D.I. 259-3 at

¶ 3) Below is a chart of the document categories and the court's disposition on each category:

| DOCUMENT CATEGORY | DISPOSITION |
|---|---|
| Map of JTVCC | GRANTED-IN-PART. GRANTED with respect to a map of areas of JTVCC relevant to the provision of medical services. DENIED in all other respects. The parties may submit an amended protective order as needed to address the production of the map. |
| Summary of the location and numbers of segregation beds at JTVCC | GRANTED to the extent not already produced. DDOC represented that these records were included in recently-produced audit materials. |
| Total count of incarcerated persons at JTVCC by security level / percentage of inmates receiving mental health services | GRANTED. DDOC agreed to produce this information during the hearing on May 20, 2026. |
| Policies and procedures on mental health services | GRANTED to the extent not already produced. DDOC represented that these records have been produced. |
| Program descriptions of current mental health services | GRANTED to the extent not already produced. DDOC represented that these records have been produced. |
| Organizational chart of medical and behavioral health personnel at JTVCC | DENIED without prejudice. This request is properly directed to VitalCore, which is a party to this case. |
| Number of patients per each clinician's case load | DENIED without prejudice. This request is properly directed to VitalCore, which is a party to this case. |
| Monthly average of JTVCC patients receiving mental health treatment | DENIED without prejudice. This request is properly directed to VitalCore, which is a party to this case. |
| Total number of mental health inmates currently prescribed medication | DENIED without prejudice. This request is properly directed to VitalCore, which is a party to this case. |
| Average stay in infirmary for mental health patients | DENIED without prejudice. This request is properly directed to VitalCore, which is a party to this case. |
| Protocols and forms for mental health screenings / assessments / evaluations | DENIED without prejudice. This request is properly directed to VitalCore, which is a party to this case. |
| Grievances concerning mental health for the past 12 months | GRANTED-IN-PART. GRANTED with respect to the proposed class representatives, to the extent not already produced. DENIED in all other respects. |

3

| JTVCC average intakes per day | GRANTED-IN-PART. DDOC represents that it does not maintain this information on a daily basis in the ordinary course of business. Rather, the information is available on a monthly basis. The request is GRANTED with respect to JTVCC average intakes per month, to the extent not already produced, and DENIED in all other respects. |
|---|---|
| CQI reports for mental health treatment over past 12 months | DENIED without prejudice. DDOC represents that these records are privileged. |
| Copy of drug formulary | DENIED without prejudice. DDOC represents that this information is not in its possession. |
| Suicide prevention policies | GRANTED to the extent not already produced. DDOC represented that these records have been produced. |
| Suicide prevention training materials for correctional officers | GRANTED to the extent not already produced. DDOC represented that these records have been produced. |
| Policies concerning mental health treatment for those in segregated housing | GRANTED to the extent not already produced. DDOC represented that these records have been produced. |
| iChrt medical records[1] | DENIED without prejudice. |

To the extent Plaintiffs' requested relief is granted and the documents have not already been produced, DDOC shall produce the documents on or before June 5, 2026.

**5. Plaintiffs' request to conduct inmate interviews during the site inspection is DENIED without prejudice.** Plaintiffs seek leave for their experts to conduct confidential inmate interviews in connection with their site inspection request under Rule 34. Rule 34 permits "entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the

---

[1] Although Plaintiffs did not expressly include iChrt records among the documents requested in their proposed form of order or letter submission, they indicated that they would like to review additional medical records. (5/20/2026 Tr.) The record before the court indicates that Plaintiffs have received complete medical records for the eight named Plaintiffs as well as 150 other inmates who consented to the disclosure. Plaintiffs' request for additional records from iChrt is DENIED without prejudice.

4

property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). Nothing in Rule 34 expressly permits informal interviews. Courts analyzing similar requests have noted that informal interviews "do not provide for the formal protections afforded by Rule 30," and have cautioned against such interviews because "these unsworn 'roving depositions' offer 'small utility' to fact finding." *Amos*, 2020 WL 618824, at *5; *U.S. v. Territory of the Virgin Islands*, 280 F.R.D. 232, 235 (D.V.I. 2012). Therefore, such interviews should be permitted only when "the scope of the information to be discovered in each case was narrow and essential to the plaintiff." *Territory of the Virgin Islands*, 280 F.R.D. at 235-36.

6. Plaintiffs' request for an order permitting confidential inmate interviews is DENIED without prejudice. The logistics and scope of Plaintiffs' request remain unclear even after discussion at the hearing on May 20, 2026. Moreover, the parties agree that interviews with inmates at JTVCC can be arranged on short notice by emailing the facility. (D.I. 259 at 3; D.I. 261 at 3) Plaintiffs cite *K.L. v. Edgar* in support of their request to take inmate interviews as part of the facility inspection, but the plaintiffs in that case provided "very specific information plaintiffs' experts seek through their interviews," and the facility at issue was a Department of Mental Health and Developmental Disabilities, as opposed to a prison. 945 F. Supp. 167, 168-69 (N.D. Ill. Nov. 19, 1996). The court focused its analysis on interviews of staff members as opposed to patients. *Id.* Consequently, the case is of limited persuasive value.

7. During the hearing on May 20, 2026, Plaintiffs represented that they did not seek to interview medical staff during the site inspection. (5/20/2026 Tr.) This Memorandum Order shall memorialize the parties' agreement that staff interviews shall not be permitted during the site inspection on June 15, 2026.

5

8.   To the extent that Plaintiffs also request an order governing consent procedures for inmate interviews, the request is DENIED.

9.   **Conclusion.**   For the foregoing reasons, IT IS ORDERED that:

   a.   Plaintiffs' motion for a four-day inspection of the James T. Vaughn Correctional Center ("JTVCC") is GRANTED-IN-PART.  The motion is GRANTED  to the extent that Plaintiffs' experts shall be permitted to conduct a one-day inspection of JTVCC on June 15, 2026 to tour the area(s) where healthcare services are provided and healthcare records are kept.  The motion is DENIED in all other respects.

   b.   Plaintiffs' motion to compel the production of documents ten (10) days prior to inspection is GRANTED-IN-PART in accordance with the chart at ¶ 4, *supra*.  To the extent Plaintiffs' requested relief is granted and the documents have not already been produced, DDOC shall produce the documents on or before June 5, 2026.

   c.   Plaintiffs' request to conduct inmate interviews during the site inspection is DENIED without prejudice.  This Memorandum Order shall memorialize the parties' agreement that staff interviews will also not be permitted during the site inspection on June 15, 2026.  To the extent that Plaintiffs also request an order governing consent procedures for inmate interviews, the request is DENIED.

Sherry R. Fallon
United States Magistrate Judge