IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONA SAMUEL SAMPSON and )
ORLANDO SAMUEL, Personal )
Representatives of the ESTATE OF )
HARRY SAMUEL, *et al.*, individually and )
on behalf of others similarly situated, )
                               )     Civil Action No. 23-1134-SRF
        Plaintiffs, )
                               )
    v. )
                               )
CENTENE CORPORATION, *et al.*, )
                               )
        Defendants. )

## MEMORANDUM ORDER

At Wilmington this 29 **th** day of **May, 2026**, the court having considered **(1)** Dr. Awele Maduka-Ezeh's motion to dismiss the second amended complaint ("SAC") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), (D.I. 211);[1] and **(2)** Dr. Maduka-Ezeh's motion to stay discovery, (D.I. 215);[2] IT IS ORDERED that:

1. **Background.** The court writes primarily for the parties and assumes familiarity with the SAC. This putative class action is brought by individuals incarcerated in Delaware correctional facilities against Dr. Maduka-Ezeh, the former Medical Director of the Delaware Department of Corrections ("DDOC"), and contract medical providers VitalCore Health Strategies, Centurion of Delaware LLC, and Centene Corporation (collectively, "Defendants"). (D.I. 207) Plaintiffs contend that their rights under the Eighth and Fourteenth Amendments of

---

[1] The briefing and filings associated with the pending motion to dismiss are found at D.I. 212; D.I. 213; D.I. 252; D.I. 253; and D.I. 268.

[2] The briefing and filings associated with the pending motion to stay discovery are found at D.I. 216; D.I. 217; D.I. 231; and D.I. 250.

the U.S. Constitution have been and continue to be violated by Defendants' failure to provide them with adequate medical care from April 1, 2020 through the present.

**2. Dr. Maduka-Ezeh's motion to dismiss the claims asserted against her in the SAC is DENIED.** There is no dispute that the SAC seeks only injunctive relief against Dr. Maduka-Ezeh. (D.I. 212 at 5-7; D.I. 252 at 1; *see also* D.I. 207 at 43-44)  Dr. Maduka-Ezeh contends that the claims against her for injunctive relief fail as a matter of law because she no longer serves as Medical Director of the Delaware Department of Corrections ("DDOC") and is therefore not in a position to provide the requested injunctive relief.[3] (D.I. 212 at 5-7)  But the case authority cited in support of this position addressed only claims against state officials in their individual capacities. *See, e.g., Davis v. Yates*, 2020 WL 526129, at *12 (D.N.J. Feb. 3, 2020).[4]  Plaintiffs contend that the SAC asserts claims against Dr. Maduka-Ezeh in her official capacity. (D.I. 252 at 4-5)  It is well-established that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (internal citations omitted).

**3.** Dr. Maduka-Ezeh contends that Eleventh Amendment sovereign immunity bars any claims brought against her in her official capacity. (D.I. 268 at 2-3)  But Plaintiffs invoke the *Ex Parte Young* exception to Eleventh Amendment immunity, which provides that a state official

---

[3] Plaintiffs point to factual ambiguities in the discovery produced to date regarding whether and when Dr. Maduka-Ezeh relinquished her role as DDOC Medical Director. (D.I. 252 at 2-3)  But Dr. Maduka-Ezeh's exact departure date is irrelevant. There is no meaningful dispute that Dr. Maduka-Ezeh does not currently serve as DDOC Medical Director, and the SAC's averments against Dr. Maduka-Ezeh rest on her role as DDOC Medical Director. (*Id.* at 3; Ex. A at 2; D.I. 207 at ¶ 32)

[4] In her reply brief, Dr. Maduka-Ezeh does not dispute Plaintiffs' position that the cited cases apply only to former officials sued in their individual capacities. (D.I. 268)

2

acting in violation of federal law "may, under certain conditions, be sued in federal court in his or her official capacity . . . for injunctive or declaratory relief." *Merritts v. Richards*, 62 F.4th 764, 771 (3d Cir. 2023) (citing *Ex parte Young*, 209 U.S. 123 (1908)). Under the *Ex Parte Young* exception, suits may be brought against individual state officials if: (1) the claims seek to end an ongoing violation of federal law, and (2) the relief sought is limited to prospective injunctive and declaratory relief. *See Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).

**4.**    The SAC satisfies both requirements of the *Ex Parte Young* exception. There is no dispute that the relief sought against Dr. Maduka-Ezeh is limited to prospective injunctive and declaratory relief in the SAC. (D.I. 207 at 43-44) Moreover, the SAC describes a systemic and ongoing deprivation of civil rights. For example, the SAC alleges that one of the named plaintiffs "still presently has stitches and tubes remaining in his eyes from procedures that occurred over four years ago. Yet all Defendants have repeatedly refused to address the ongoing harm caused by the inadequate treatment[,]" causing the plaintiff to suffer from partial blindness. (D.I. 207 at ¶ 68) Other pleaded allegations similarly confirm that the alleged delays and denial of healthcare are ongoing.[5] (*See, e.g., id.* at ¶¶ 51, 58-59, 76, 88, 137) Plaintiffs' allegations of

---

[5] Because the real party in interest for claims against state officers in their official capacities is the governmental entity, the claims for injunctive relief naming Dr. Maduka-Ezeh are effectively brought against the DDOC Medical Director. Federal Rule of Civil Procedure 25(d) provides that substitution of the party to the current DDOC Medical Director may be made:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

ongoing violations, supported by specific factual averments, are not conclusory and are sufficient at the motion to dismiss stage. *See Richardson v. Bledsoe*, 829 F.3d 273, 290-91 (3d Cir. 2016) (finding allegations of systematic failures sufficient at the pleading stage and putting aside the issue of whether the plaintiff could succeed in showing the challenged practice continued under the new prison administration).

**5. Dr. Maduka-Ezeh's motion to dismiss Plaintiffs' request for an injunction ordering sentence reductions is GRANTED.** Dr. Maduka-Ezeh also seeks dismissal of Plaintiffs' request for relief in the form of "an injunction ordering sentence reductions." (D.I. 207 at 43) According to Dr. Maduka-Ezeh, the sole federal remedy to a challenge of the fact or duration of confinement is a writ of habeas corpus, and not a Section 1983 petition. (D.I. 212 at 9; D.I. 268 at 5) "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *accord Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 462 (3d Cir. 1996). Although Section 1983 "remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner[,]" the relief requested in the SAC does not fall within this exception. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Instead, the SAC "seeks an injunction ordering [the inmates'] immediate or speedier release into the community." *Id.* at 82. Consequently, Plaintiffs cannot pursue the requested relief through Section 1983.

---

Fed. R. Civ. P. 25(d). According to the 1961 Advisory Committee Notes, Rule 25(d) applies "whenever effective relief would call for corrective behavior by the one then having official status and power, rather than one who has lost that status and power through ceasing to hold office."

4

6. **Dr. Maduka-Ezeh's motion to stay discovery is DENIED as moot.** Dr. Maduka-Ezeh also moves for a stay of discovery pending resolution of the motion to dismiss. (D.I. 215) Because the motion to dismiss is now resolved, Dr. Maduka-Ezeh's motion to stay is DENIED as moot.

7. **Conclusion.** For the foregoing reasons, IT IS ORDERED that the motion to dismiss (D.I. 211) is GRANTED-IN-PART. Specifically, the motion to dismiss is GRANTED as to Plaintiffs' request for an injunction ordering sentence reductions and is DENIED and all other respects. The motion to stay discovery (D.I. 215) is DENIED as moot.

Sherry R. Fallon
United States Magistrate Judge